UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIMOTHY LEE HATTEN,                               CASE NO.  25-62248-CV-DIMITROULEAS
                                                                              (90-08065-CR-COHEN)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DISMISSING PETITION

THIS CAUSE is before the Court on Petitioner Timothy Lee Hatten's *pro se* " Petition for Writ of Error Coram Nobis, " [DE-1] (collectively "the Petition.").[1] Petitioner, a former federal prisoner, seeks a writ of error coram nobis to vacate his drug conspiracy convictions in Case No.  90-CR-08065-COHN.[2]  For the following reasons, the Petition is DISMISSED as frivolous.

"[A} district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F. 2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to *sua sponte* dismiss a frivolous case.  *See id.; Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to parties").  A pleading is

---

[1] The Petition was filed in Petitioner's underlying criminal case, Case No.  90-CR-08065-COHN, docketed as a new civil case, and randomly assigned to the undersigned.

[2] Petitioner states he is challenging his convictions and sentence in "appeal no. 93-4350" [DE-1].  But no such criminal case in this District exists, and it is clear from the Petitioner's allegations that he is challenging his convictions and sentences in Case No.  90-CR-08065-COHN.

frivolous "if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F. 3d 1346, 1349 (11th Cir. 2011).

A writ of error *coram nobis* "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills,* 221 F. 3d 1201, 1203 (11th Cir. 2000).  It is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.  *United States v. Peter,* 310 F. 3d 709, 712 (11th Cir. 2002).  As the Supreme Court explained in *United States v. Morgan*, 346 U.S. 602 (1954), *coram nobis* relief is available after a sentence has been served because "the results of the conviction may persist.  Subsequent convictions may carry heavier penalties, civil rights may be affected." *Id*.  at 12045.

In 1990, Petitioner was one of twenty defendants charged in the Southern District of Florida in connection with a conspiracy to manufacture and sell cocaine and crack cocaine. *See United States v. Glinton*, 154 F. 3d 1245, 1248 (11th Cir. 1998).  Petitioner and twelve other defendants proceeded to trial, and Petitioner was convicted of a jury and sentenced to life imprisonment.  *Id* at 1248., 1250 n.2.  Petitioner appealed, challenging, among other things, the legality of the search of his residence and vehicle.  *Id*.  at 1256-57.  The Eleventh Circuit affirmed Petitioner's convictions.  *Id* at 1260.  In that appeal, the Eleventh Circuit held that factual inaccuracies in a search warrant do not negate the reasonableness of the search *Id*. 1256.

In 2008, the Court granted Petitioner's motion to reduce his sentence and lowered it to 360 months.  ECF-Cr. No. [1433][3].  In 2016, after serving nearly 24 years in federal prison, Petitioner was released from custody.  See Hatten, 787 F. App'x 589, 590 (11th Cir. 2019).  In 2017, his supervised release was revoked and he served five months in prison.  ECF-Cr. No. [1677].  Petitioner was last in Bureau of Prisons' custody on July 28, 2017.  See Fed. Bureau of Prisons, FIND AN INMATE (search BOP Register Number 27993-004), https: www.bop.gov/inmateloc/(last visited Nov. 10, 2025).

In his Petition for coram nobis relief, Petitioner raises claims that are derived from the arguments he and other defendants raised in their direct appeal.  First, he alleges that the search warrant did not have his name in it.  Second, he alleges that his due process rights were violated. The Eleventh Circuit expressly rejected these arguments on direct appeal.  See Glinton, 154 F. 3d at 1250-58.

Petitioner is a serial litigant who previously filed numerous coram nobis petitions and other motions collaterally attacking his convictions and sentence.  See e.g. Hatten v. United States, No. 19-CV-81575-JIC (S.D. Fla. Nov. 19, 2019); Hatten v. United States, 19-CV-81035-JIC (S.D. Fla. July 18, 2019); Hatten v. United States, No. 17-CV-8096-JIC I(S.D. Fla. Aug. 22, 2017) and Hatten v. U.S., 25-CV-62199-BB (S.D. Fla. November 25, 2025).  In his motion recent case , Petitioner raised similar claims challenging the search warrant and his due process rights.  Hatten, No. 25-CV-62199-BB.  The judge observed that "Petitioner is a serial-filer, having filed countless motions and petitions – including several other

---

[3] Citations denoted as "DE-Cr" refer to the docket in Petitioner's underlying criminal case, Case no.  90-CR-08065-COHN, docketed as a new civil case, and randomly assigned to the undersigned.

petitions for a writ of coram nobis – for post conviction relief in an apparent attempt to circumvent the Antiterrorism and Effective Death Penalty Act's ("AEDPA") restriction on successive filings."  The judge found that the petition was frivolous because it was effectively a collateral attack on Petitioner's convictions that had to be raised in a motion to vacate under 28 U.S.C. § 2255, and therefore, "Petitioner cannot establish the fundamental prerequisite for coram nobis relief that "there is and was no other available avenue of relief." *Id*. at 3 (quoting *Alikani v. United States*, 200 F. 3d 732, 734 (11th Cir. 2000)).  The judge admonished Petitioner for "continu[ing] to waste the Court's time with his frivolous filings.  The instant Petition is yet another in a long line of frivolous filings by this Petitioner." *Id*.

In an earlier case in which Petitioner also raised similar claims, the Eleventh Circuit affirmed the denial of coram nobis relief, explaining:

> A "writ of coram nobis is appropriate only when there is and was no other available avenue of relief." [Petitioner] could and did pursue direct appeal and habeas relief through which he could and did challenge the lawfulness of these searches.  A petition for a writ of coram nobis does not provide him an opportunity to reassert failed claims or to bring claims he neglected to bring in available proceedings.  The district court did not abuse its discretion by denying [Petitioner] relief.

*Hatten*, 787 F. App'x at 591 (emphasis in original)(quoting Alikhani, 200 F. 3d at 734).

Here, Petitioner has filed yet another frivolous coram nobis petition, again raising claims that he not only raised in prior coram nobis petitions but which he raised and were rejected on direct appeal[4].  He advances no sound reason for his delay in raising these

---

[4] Moreover, Hatten confuses an arrest warrant, which requires probable cause that a person committed a crime, with a search warrant which requires probable cause that evidence can be found at a location.

claims. *Gonzalez v. U.S.,* 981 F. 3d 845 (11th Cir. 2011). As the Eleventh Circuit and courts in this District has repeatedly explained to Petitioner, coram nobis relief is not available for these claims because such relief is available "only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F. 3d at 1204. Petitioner does not even attempt to explain why he failed to raise these claims earlier, nor could he, given he raised them and they were rejected. He does not satisfy the bar needed for relief. *Maye v. U.S.* 2025 WL 355012 (11th Cir 2025).

Accordingly, the instant Petition shall be dismissed as frivolous.

Based on the foregoing, it is ORDERED AND ADJUDGED that the Petition is Dismissed. This Case is Closed, and all pending motions are Denied as Moot.[5]

The Clerk shall close this case.

Hatten is warned that future frivolous filings in this case mat lead to sanctions.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of November, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[5] The Court does not rule on a certificate of appealability because "[n]o certificate of appealability is required under *coram nobis.*" *Campbell v. United States*, No. 17-CV-60911-BB, 2017 WL 11681180, at *4 (S.D. fla. May 10, 2017).

Copies furnished to:

Counsel of Record

Timothy Lee Hatten, *Pro Se*
635 30th Street
West Palm Beach, FL  33407